William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile:  (504) 272-2956
whb@beaumontcostales.com

Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SOPHIA WINGATE and LINDSAY RUCKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DSW SHOE WAREHOUSE, INC,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL<br><br><u>CLASS ACTION</u> |

Plaintiffs Sophia Wingate and Lindsay Rucker bring this class action complaint and demand for jury trial against DSW Shoe Warehouse, Inc. to stop its practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiffs allege as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

1. Defendant DSW Shoe Warehouse, Inc. ("DSW") operates a footwear retail chain

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

across 45 states.

2. DSW sends unsolicited text message advertisements to the cellular telephone numbers of thousands of consumers nationwide.

3. As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. The TCPA was enacted to protect consumers from excessive, unwanted nuisance calls, exactly like the text messages alleged in this complaint. Defendant sends these text messages even though neither Plaintiffs nor members of the putative Class (defined below) provide prior express written consent to receive them.

5. As a result, Plaintiffs, on behalf of themselves and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiffs and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Sophia Wingate is a natural person and resident of Oakley, California.

7. Plaintiff Lindsay Rucker is a natural person and resident of Novato, California.

8. Defendant DSW is a for-profit corporation licensed to do and doing business in California.

## JURISDICTION

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq.* (TCPA).

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiffs Wingate and Rucker occurred in this District.

**INTRADISRICT ASSIGNMENT**

11.     Plaintiffs reside in this Division.  Upon information and belief, a substantial part of the events which give rise to the claims herein sued upon occurred in this Division.

**THE TCPA**

12.     In 1991, Congress enacted the TCPA in response to voluminous consumer complaints concerning abuses of telephone technology and to compensate consumers for intrusive nuisance calls.[1]  Since its inception, however, violators of the Act have persisted with little to no repercussions.

13.     Since 2015, the FCC is reported to have ordered TCPA violators to pay a total of $208.4 million. As of March 2019, it has collected a mere $6,790.[2]

14.     The TCPA prohibits a defendant from: (1) calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).  A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

15.     Additionally, the TCPA prohibits a defendant from making automated telemarketing calls to cellular telephone numbers without the plaintiff's prior express *written* consent. 47 C.F.R. 64.1200(a)(2) (emphasis added). Prior express written consent requires that the defendant give the plaintiff "'clear and conspicuous disclosure' of the consequences of providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [recipient] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

---

[1] *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012).
[2] Sarah Krouse, *The FCC has fined robocallers $208 million. It's collected $6,790.*, Fox News, https://www.foxnews.com/tech/the-fcc-has-fined-robocallers-208-million-its-collected-6790 (last accessed Aug. 21, 2019).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FACTUAL ALLEGATIONS**

16. On or about August 7, 2019 and August 10, 2019, Defendant DSW sent the following text messages to Plaintiff Sophia Wingate at her cellular telephone number ending in "-2645":



/

/

/

/

/

/

/

/

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

17. On or about July 3, 2019, July 11, 2019, and July 15, 2019, Defendant DSW sent the following text messages to Plaintiff Lindsay Rucker at her cellular telephone number ending in "-5149":



18. Defendant also sent numerous other text messages to Plaintiffs.

19. All of the above-described text messages contained generic marketing solicitations regarding DSW products.

20. None of these generic advertisements addressed Plaintiffs by name, and they were all sent from Defendant's 6-digit short message service ("SMS") code "748588".

21. The equipment used by DSW to send the text messages qualifies as an automatic telephone dialing system ("ATDS"). Specifically, Defendant used equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5

22. Defendant's use of an ATDS is supported by the high volume of text messages, the generic and impersonal nature of the messages, and Defendant's use of an SMS code.

23. Defendant used an ATDS to send the exact same (or substantially similar) text messages to Plaintiffs and all other members of the putative Class.

24. Neither Plaintiffs nor Class members provided prior express written consent to receive text message advertisements from Defendant.

25. Plaintiffs and Class members suffered injuries in the form of invasion of privacy, aggravation, and nuisance.

26. The text messages alleged herein were exclusively made by, or on behalf of, DSW.

27. Defendant was and is aware that it was sending the above-described text messages on a widespread basis to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

28. **Class Definitions:** Plaintiffs Sophia Wingate and Lindsay Rucker bring this action on behalf of themselves and a class defined as follows:

> **Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's products and/or services, without the recipients' prior express written consent.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

30. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

    (c)    Whether Defendant sent text messages without the prior express written consent to Class members;

    (d)    Whether Defendant sent telemarketing and/or advertising text messages to Class members; and

    (e)    Whether Plaintiffs and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class in that Plaintiffs and the Class members sustained damages arising out of Defendant's

uniform wrongful conduct and unsolicited text message calls.

32. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs' claims are representative of the claims of the other members of the Class. That is, Plaintiffs and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiffs also have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Class.

33. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34. Plaintiffs reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**CAUSE OF ACTION**
**(Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)**
**(on behalf of Plaintiffs and the Class)**

35. Plaintiffs incorporates the foregoing allegations as if fully set forth herein.

36. Defendant sent unwanted text messages to Plaintiffs and the Class members' cellular telephones without their prior express written consent.

37. Defendant sent these text messages to Plaintiffs and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

38. The equipment used by Defendant to send text messages to Plaintiffs and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

39. By sending the text messages to Plaintiffs and members of the Class' cellular telephones without prior express written consent using an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendant's unlawful conduct, Plaintiffs and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiffs and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

41. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by

Plaintiffs and the other members of the putative Class.

42. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by Plaintiffs and the other members of the putative Class.

43. Additionally, as a result of Defendant's unlawful conduct, Plaintiffs and other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and § 227(c)(5)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs Sophia Wingate and Lindsay Rucker, individually and on behalf of the Class, pray for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiffs Sophia Wingate and Lindsay Rucker as Class Representatives and their attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiffs and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiffs and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration;

(h)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

Dated: August 22, 2019

*/s/ Glenn M. Goffin*
Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

William H. Beaumont, Esq.
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile:  (504) 272-2956
whb@beaumontcostales.com
(*pro hac vice* to be applied for)

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF